IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

WILLIAM GALLO                    §
(#32620-177),                    §
                                 §
           Petitioner,           §
                                 §
V.                               §        No. 3:15-cv-3538-O-BN
                                 §
SHELLY O'BRIEN YEATS AND         §
SUSAN HAWK,                      §
                                 §
           Respondents.          §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge
for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of
reference from United States District Judge Reed O'Connor. The undersigned issues
the following findings of fact, conclusions of law, and recommendation that the Court
should construe the petition filed by William Gallo ("Gallo") as requesting a statutory
writ of mandamus and summarily dismiss this action.

**Background**

Gallo is a prisoner in the custody of the Federal Bureau of Prisons ("BOP")
pursuant to a conviction in this Court and is currently incarcerated at BOP Beaumont
FCI – Low, in Beaumont, Texas. Based on a September 29, 2015 Letter from Assistant
Dallas County District Attorney Shelly O'Brien Yeatts ("ADA Yeatts"), which Gallo
included in his petition, it appears that Gallo has filed, in state court in Dallas County,

-1-

a petition for expunction of arrest records related to a sexual assault case. *See* Dkt. No. 3 at 6 (referencing *Ex parte William Gallo*, Cause No. X15-599-L (seeking expunction of arrest records related to Cause No. F94-19550-H)). ADA Yeatts has explained to Gallo that

> [j]udicial records reflect that you pleaded guilty to this offense and were convicted by the trial court. Because you were convicted as a result of the arrest, you are not eligible under Texas law for an expunction of the identified records. *See* Tex. Code Crim. Proc. Ann. art. 55.01(a)(2) (prohibiting expunction if the arrest resulted in conviction).

*Id.* "For this reason," ADA Yeatts "filed a General Denial to this petition on behalf of the Dallas County Respondents." *Id.*

## Legal Standards

A district court is required to screen a civil action brought by a prisoner – whether he is incarcerated or, instead, detained prior to trial – seeking relief from a governmental entity or employee. *See* 28 U.S.C. §§ 1915A(a), (c). On initial screening, the Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, that:

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

*Id.* § 1915A(b).

An action is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) ("A claim may be dismissed as frivolous if it does not have an

arguable basis in fact or law."). And a complaint is without an arguable basis in law if it is grounded upon an untenable, discredited, or indisputably meritless legal theory, including alleged violations of a legal interest that clearly does not exist. *See Neitzke*, 490 U.S. at 326-27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999).

Similarly, "[f]ederal courts are authorized, under 28 U.S.C. § 2243, to dispose of habeas corpus matters as law and justice require." *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *cf. Althouse v. Director, TDCJ-CID*, No. 6:11CV41, 2011 WL 573421, at *2 (E.D. Tex. Jan. 28, 2011), *rec. adopted*, 2011 WL 613509 (E.D. Tex. Feb. 14, 2011) ("It would be within the power of the Court to construe Petitioner's habeas claims as thinly-veiled § 1983 claims." (citing *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) ("Generally, § 1983 suits are the proper vehicle to attack unconstitutional conditions of confinement and prison procedures. A habeas petition, on the other hand, is the proper vehicle to seek release from custody." (citations omitted)))).

## Analysis

Through the petition filed in this Court – labeled as one under 28 U.S.C. § 2241 – Gallo requests that the Court

> order The State of Texas to respond to [his state petition] and grant a judicial hearing with the Dallas County Criminal District Court number 5, for Expungment [sic] of reversal of criminal conviction, and that The United States District Attorneys Office[ – presumably the United States Attorney for the Northern District of Texas – ]render all documents in the cooperation by [Gallo] to the State of Texas to show that such Registration by the State will place a great burden on [Gallo] ....

Dkt. No. 3 at 3.

Based on the relief that Gallo seeks, this action is not truly one under Section

2241 – "the proper procedural vehicle if a prisoner 'challenges the execution of his

sentence rather than the validity of his conviction and sentence.'" *Gallegos-Hernandez*

*v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) (quoting *United States v. Cleto*, 956

F.2d 83, 84 (5th Cir. 1992)). But the Court should construe this petition as seeking

relief under the federal mandamus statute: 28 U.S.C. § 1361, which provides "district

courts [with] original jurisdiction of any action in the nature of mandamus to compel

an officer or agency of the United States or any agency thereof to perform a duty owed

to the plaintiff." *Id.*

> Although the federal writ of mandamus technically has been abolished,
> the court has the power to compel a federal officer to perform a duty
> under 28 U.S.C. § 1361. *Arnold v. Blast Intermediate Unit 17*, 843 F.2d
> 122, 125 n.4 (3d Cir. 1988). Statutory mandamus, like its common-law
> predecessor, is "intended to provide a remedy for a plaintiff only if he has
> exhausted all other avenues of relief and only if the defendant owes him
> a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616
> (1984).

*Brown v. Beard*, No. 4:CV-09-0136, 2009 WL 498630, at *2 (M.D. Penn. Feb. 25, 2009).

<u>The State of Texas</u>

Gallo's requests that this Court compel the State of Texas (or the State's courts)

to respond – or, more specifically, respond differently – to his petition, hold a hearing

on that petition, or grant that petition. Those requests lack an arguable basis in law,

and any claims against the named defendants (as state officials) are therefore

frivolous, because "[f]ederal courts lack the general power to issue writs of mandamus

to direct state courts and their judicial officers in the performance of their duties."

*Moore v. 204th Dist. Ct.*, No. 3:08-cv-2281-D, 2009 WL 3150983, at *3 (N.D. Tex. Sept.

29, 2009) (citing *Moye v. Clerk, Dekalb Cnty. Sup.Ct.*, 474 F.2d 1275, 1276 (5th Cir. 1973); *Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir. 1997) (affirming dismissal of petition for writ of mandamus as frivolous because federal courts lack the power to mandamus state courts in the performance of their duties)); *see also Hicks v. Brysch*, 989 F. Supp. 797, 811 (W.D. Tex. 1997) ("The defendant is the elected District Clerk of Karnes County, Texas, not a federal officer, agent, or employee and, as such, is not subject to the statutory mandamus authority of this Court. Thus, this Court lacks jurisdiction to entertain plaintiff's request for mandamus relief against the defendant.").

The United States Attorney

Because Gallo is proceeding *pro se*, the Court should liberally construe his petition as also requesting that the Court compel the United States Attorney to "render all documents in the cooperation by [Gallo] to the State of Texas." Dkt. No. 3 at 3. But such a claim should also be dismissed because Gallo has not shown "that his right to issuance of the writ is 'clear and indisputable.'" *In re First South Sav. Ass'n*, 820 F.2d 700, 705 (5th Cir. 1987) (quoting *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980)).

> It is well-established that the mandamus remedy "is a drastic one, to be invoked only in extraordinary situations." *Allied Chem.*, 449 U.S. at 34; *see also Kerr v. United States District Court*, 426 U.S. 394, 402 (1976); *Will v. United States*, 389 U.S. 90, 95 (1967). To ensure that the writ of mandamus will issue only in extraordinary circumstances, the Supreme Court has consistently stated that the party seeking the issuance of the writ must "have no other adequate means to attain the relief he desires" and must satisfy the burden of showing that his right to issuance of the writ is "clear and indisputable." *Allied Chem.*, 449 U.S. at 35 (citations

omitted). This court has frequently echoed those words of the Supreme
Court. *See, e.g., In re Davis*, 730 F.2d 176, 181 (5th Cir. 1984); *Commodity
Futures Trading Comm'n v. Preferred Capital Inv. Co.*, 664 F.2d 1316,
1321 (5th Cir. 1982); *American Trucking Assocs., Inc. v. Interstate
Commerce Comm'n*, 673 F.2d 82, 86 n.6 (5th Cir. 1982).

*Id.* (some citations modified); *see also Weldon v. U.S. Attorney for Middle Dist.*, 294 F.

App'x 697, 697-98 (3d Cir. 2008) (per curiam) (summarily affirming dismissal of

mandamus petition directed at the United States Attorney "pursuant to 28 U.S.C. §

1915(e)(2), on the basis that mandamus is an extraordinary remedy to which Weldon

was not entitled").

## Recommendation

This action should be dismissed under 28 U.S.C. § 1915A for the reasons

explained above.

A copy of these findings, conclusions, and recommendation shall be served on all

parties in the manner provided by law. Any party who objects to any part of these

findings, conclusions, and recommendation must file specific written objections within

14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's findings, conclusions, and recommendation

where the disputed determination is found. An objection that merely incorporates by

reference or refers to the briefing before the magistrate judge is not specific. Failure

to file specific written objections will bar the aggrieved party from appealing the

factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 6, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE